IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUCRETIA ESTEP, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-23-00371 |
| WALMART STORES, INC., | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion for Summary Judgment ("Motion") filed by Defendant Wal-Mart Stores, Inc. ("Walmart").[1] ECF No. 19. Having considered the submissions of the parties (ECF Nos. 19, 26 & 31), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Walmart's Motion will be granted.

I.  **INTRODUCTION**

  A.  **Factual Background**

The facts below are construed in the light most favorable to Plaintiff Lucretia Estep ("Ms. Estep"), the nonmoving party. On August 13, 2019, Ms. Estep was shopping for toiletries for her son at the Walmart store in California, Maryland. *See* ECF No. 19 at 2. As Ms. Estep walked toward the checkout area, she was not looking at the floor and did not see any substance on it. *See* ECF No. 26 at 5. As she walked into the main aisle, she slipped and fell to the ground. *See* ECF No. 19, Ex. 2 Store Surveillance Video at 11:12:36 PM. After falling, Ms. Estep saw "a liquid

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals if an appeal is filed. ECF No. 14.

puddle on the floor" that had "the appearance and consistency of shampoo." ECF No. 26 at 5. It was a yellowish color. *Id.*, Ex. 2. After Ms. Estep fell, a Walmart employee came to help her up and apologized to Ms. Estep, stating "I'm sorry, we should have cleaned that up." *Id.* at 7. The manager took a report of the incident from Ms. Estep and apologized to her. *Id.*

The store surveillance video shows that 27 minutes before Ms. Estep fell a Walmart employee pushed a dry mop down the aisle where Ms. Estep later fell. *Id.* at 6; ECF No. 19, Ex. 2 Store Surveillance Video at 10:45:18 PM. Also, a Walmart employee walked past the spot 18 minutes before Ms. Estep fell. ECF No. 26 at 4; ECF No. 19, Ex. 2 Store Surveillance Video at 10:53:26 PM. The same Walmart employee also can be seen cleaning an area of the floor several aisles down from where Ms. Estep fell. *Id.* at 11:00:00 PM.

### B. Procedural History

Ms. Estep filed her complaint in the Circuit Court for St. Mary's County, Maryland on August 3, 2022. ECF No. 2. Walmart timely removed the case to this Court on the basis of diversity jurisdiction.[2] *See* ECF No. 1; 28 U.S.C. §§ 1441, 1446. After the close of discovery, Walmart filed the Motion.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute

---

[2] A federal court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in Maryland, Maryland law governs Ms. Estep's negligence claim.

of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### III.   DISCUSSION

To prevail on a claim of negligence in Maryland, a plaintiff must prove the following elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) (internal quotation marks omitted). As a preliminary matter, "no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994).

Under Maryland law, "[a]n occupier of land has a duty to use reasonable and ordinary care to keep the premises safe for an invitee and to protect him from injury caused by the unreasonable risk that the invitee, by exercising ordinary care for his own safety, will not discover."[3] *Henley v. Prince George's County*, 305 Md. 320, 339 (1986). Stated differently, a landowner possesses a duty to an invitee "to exercise ordinary care to keep the premises in a reasonably safe condition and [the landowner] will be liable for injuries sustained in consequence of a failure to do so." *Maans v. Giant of Maryland, L.L.C.*, 161 Md. App. 620, 627 (2005) (quoting *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117 (1955)). Accordingly, "[t]he duties of a business invitor . . . include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997); *see also Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 538 (D. Md. 2018) ("The duty owed to an invitee is to use reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover.") (quoting *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573 (1989)). "An owner or occupier ordinarily has no duty to warn the invitee of open, obvious, and patent dangers." *Duncan-Bogley*, 356 F. Supp 3d at 538.

Nevertheless, "[s]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Mitchell*, 334 Md. at 636. The invitee "has a duty to exercise due care for his or her

---

[3] The standard of care that the owner or occupier of land owes depends on the status of the person who enters the property. *Rowley v. Mayor & City Council of Baltimore*, 305 Md. 456, 464 (1986). "An invitee is one invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business." *Bramble v. Thompson*, 264 Md. 518, 521 (1972).

own safety. This includes the duty to look and see what is around the invitee." *Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 562 (D. Md. 2014). "Accordingly, the owner or occupier of land has no duty to warn of an open, obvious and present danger." *Id.* If a customer is injured in a store, "[t]he burden is upon the customer to show that the proprietor . . . had actual or constructive knowledge that the dangerous condition existed," and that "that knowledge was gained in sufficient time to give the owner the opportunity to remove [the danger] or warn the invitee." *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (internal quotation omitted).

A storeowner may be deemed to have constructive notice of a dangerous condition "if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care." *Rawls*, 207 Md. at 120; *see also McCoy v. Target Corp.*, No. GLR-14-3437, 2016 WL 827962, at *2 (D. Md. Mar. 3, 2016) ("To prove constructive knowledge in a slip-and-fall case, the invitee must present evidence showing how long the hazard existed before the injury occurred . . . ."). Maryland courts refer to this as "time on the floor" evidence. *See, e.g.*, *Jones v. Shoppers Food Warehouse Corp.*, No. JKS-15-2096, 2016 WL 454951, at *2 (D. Md. Feb. 5, 2016) (citing *Joseph v. Bozzuto*, 173 Md. App. 305, 316 (2007)). Determining whether a storeowner had sufficient time to "discover, cure, or clean up a dangerous condition depends on the circumstances surrounding the fall." *Rehn*, 153 Md. App. 586 (citing *Deering Woods Condo Ass'n v. Spoon*, 377 Md. 250 (2003)). "What will amount to sufficient time . . . involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions." *Id.* at 593 (internal quotation marks omitted).

The parties agree that Ms. Estep was a business invitee at the time of her fall. See ECF Nos. 19 at 1; 26 at 1. Also that Walmart owed her a duty of reasonable and ordinary care under Maryland law. The parties dispute whether Walmart had actual or constructive notice of the substance on the floor such that it breached its duty.

There is insufficient evidence for a reasonable jury to find that Walmart had notice of the substance on the floor that caused her fall. The lack of notice evidence is fatal to Ms. Estep's negligence claim because she carries the burden to show that Walmart had actual or constructive knowledge that a dangerous condition existed in sufficient time to cure the danger or warn its customers about it. *See Rehn*, 153 Md. App. at 593. Ms. Estep argues that Walmart had notice of the dangerous condition because two Walmart employees apologized to her thus admitting liability. ECF No. 26 at 15-16. In addition, Ms. Estep suggests that an employee cleaning something off the floor in the vicinity of her fall imputes knowledge to Walmart. *See id.* at 12. Finally, Ms. Estep asserts the store surveillance video creates "an inference" that Walmart was on notice as it shows no one carrying anything that could have created the spill. *See id.* at 14.

Ms. Estep's arguments and the evidence she cites do not create a dispute as to whether Walmart had notice that there was a substance on the floor. Statements where employees apologize without indicating they were aware of the dangerous condition before a plaintiff slips and falls are insufficient to support a showing of actual notice. *Compare Burwell v. Easton Mem'l Hosp.*, 83 Md. App. 684, 690 (1990) (finding a nurse's statement that "someone should have cleaned it up" did not permit reasonable inference that hospital had notice of a salad that plaintiff slipped on) *with Keene v. Arlan's Dep't Store of Baltimore, Inc.*, 35 Md. App. 250, 252 (1977) (finding a cashier's statement that "I told them if this wasn't cleaned up, someone's going to fall" was sufficient evidence to allow case to go to the jury because it indicates the cashier had notice prior

to the fall); *see also Groat v. Wal-Mart Stores, Inc.*, No. WGC-10-235, 2010 WL 5391515, at *10 (D. Md. Dec. 20, 2010) ("Mrs. Groat has not presented any evidence about 'time on the floor' nor is there any statement by a Wal-Mart employee indicating the store was aware of the dangerous condition before Mrs. Groat slipped and fell."). Here, the employee and manager merely apologized to Ms. Estep and indicated that someone should have cleaned up the spill. Ms. Estep interpreted one employee's facial expression, voice, and body language to mean that the employee had failed in her duties to remove the substance from the floor. *Id.* at Ex. 4. She offers no support for the leap from a vague apology to any admission of notice outside the bare assertion in her affidavit. *Id.*; *see Rawls*, 207 Md. at 119 ("In an action by a customer to recover damages resulting from a fall in a store caused by a foreign substance on a floor or stairway, the burden is on the customer to produce evidence that the storekeeper created the dangerous condition or had actual or constructive knowledge of its existence."). Her suggestion that she could tell through nonverbal cues that the employee admitted to knowing about the spill is not only conclusory but also would be inadmissible evidence. *See* FRE Rule 56(c)(4) (requiring that an affidavit filed in opposition to a motion for summary judgment must "set out facts that would be admissible in evidence"). Ms. Estep's analysis of the employee in her affidavit is inconsistent with her own deposition testimony. *See* ECF No. 26, Exs. 2, 4. At her deposition, she admitted that she did not know if any Walmart employee saw the spill before she fell. *Id.*, Ex. 2 at 35:1-9. Based on the contents of the statements and the lack of evidence supporting Ms. Estep's analysis of the nature of the apologies, there is insufficient evidence to show that Walmart had notice of the spill.

      Regarding the employee that can be seen in the video cleaning the floor several aisles away from the fall, Ms. Estep's contention that this places Walmart on constructive notice of the substance on the floor is unpersuasive. *See* ECF No. 26 at 12-13. She argues the proximity shows

the employee "failed to properly address [the spill] by failing to check the rest of that walkway for similar spots that needed to be wiped up or cleaned." ECF No. 26 at 12. In *Maans*, 161 Md. App. at 630, the court held the proximity of a store's employees to a hazard did not impute knowledge of the hazard to the business. Ms. Estep's attempt to distinguish *Maans* from the instant case by the color of the liquid on the floor is unavailing. Just because an employee may have been cleaning something else from the floor in the same general area of the store does not place Walmart on notice of the spill that may have caused Ms. Estep to fall.

Even the store surveillance video does not show how the substance got onto the floor, nor does it show any Walmart employee observing, or cleaning up any substance on the floor. *See* ECF No. 19, Ex. 2 Store Surveillance Video. Ms. Estep asserts the store surveillance video creates "an inference" that Walmart was on constructive notice as it shows no other person carrying anything that could have created the spill. *See* ECF No. 26 at 14. In cases where there is a foreign substance on the floor, "courts have been reluctant to conclude that the store owner had notice where it is unclear how long the condition existed and the hazardous condition could have been created by a customer." *Yates v. Wal-Mart Stores, Inc.*, 2004 WL 1083250, at *2 (D. Md. May 11, 2004), *aff'd*, 112 F. App'x 318 (4th Cir. 2004); *see also Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 233 (1965) (finding no evidence of constructive notice where the aisle was inspected 2.5 hours before the plaintiff fell). Here, there is no evidence how and when the substance was spilled on the ground or how long it remained there. At most, Ms. Estep shows that an employee walked by the spot with a dry mop, which indicates that Walmart inspected the area 27 minutes before her fall. *See* ECF No. 19 at 3. Given that the inspection with the dry mop occurred 27 minutes before Ms. Estep's fall, not enough time passed to establish an issue of fact as to whether Walmart had constructive knowledge. *See King v. Washington Metro. Area Transit Auth.*, No. TDC-14-2752,

2016 WL 8716253, at *5 (D. Md. Feb. 26, 2016) ("[W]hen there is no evidence of when or how a hazard came to be present, constructive knowledge generally has not been established," especially "when there is evidence that limits the amount of time the substance was present to less than a few hours.").

There is no genuine dispute that Walmart lacked actual and constructive notice of the dangerous condition on the floor that caused Ms. Estep's fall. As such, Ms. Estep's negligence claim fails as a matter of law.

### III. CONCLUSION

For these reasons, Walmart's Motion for Summary Judgment (ECF No. 19) is **GRANTED**. An accompanying Order follows.

<u>January 3, 2024</u>                                         <u>        /s/                        </u>
Date                                                          Timothy J. Sullivan
                                                              Chief United States Magistrate Judge